Per Curiam.

In this judicial disciplinary proceeding brought pursuant to section 22 of article VI of the Constitution of the State of New York, the petitioner moves for an order confirming the report of the Referee appointed to hear and report in the matter, and to remove respondent.
Judge La Carrubba, a Judge of the District Court, Suffolk County, has been charged with three counts of misconduct, in that she improperly added three cases to her court calendar, failed to disqualify herself in the three cases and improperly disposed of the cases in her chambers. The three cases of favoritism involved her close friend, Loretta Leone; her son-in-law, John Bivona; and her son-in-law’s client, Elizabeth Valleca.
The respondent’s actions were originally the subject of a criminal proceeding. The Appellate Division, Second Depart *1067 ment, affirmed the respondent’s criminal conviction of official misconduct based upon her disposition of the Leone matter. The Court of Appeals reversed and dismissed the indictment for the reason that the disciplining of Judges for violations of ethical standards not involving independent criminal conduct has been reserved by the State Constitution to proceedings instituted before a Court on the Judiciary (People v La Carrubba, 46 NY2d 658, 664).
After the Court of Appeals determination, Judge La Carrubba served an answer, which denied all the allegations in the charges and interposed two defenses. The ably and meticulously prepared report of Justice Bentley Kassal, as Referee, sustained all the charges.
Charge I alleged that the respondent did not disqualify herself from a traffic proceeding in which her close friend, Ms. Loretta Leone, was accused of speeding. The respondent transferred the case to her court, advanced the return date without informing either the District Attorney or the arresting officer and then dismissed the complaint on the ground that the arresting officer failed to appear. The matter was disposed of in chambers, not in open court, prior to a Christmas party being given by the respondent for court employees. The Assistant District Attorneys assigned to nonjury traffic cases testified that no one from their office was present at the Leone disposition.
The respondent testified that Ms. Leone was helping her with the party when the court officer assigned to her suggested that the respondent could "take care” of Ms. Leone’s speeding ticket. The respondent testified that she was swayed by the officer to dispose of the ticket and he advised her to assign the failure of the arresting officer to appear as the reason for the dismissal. The respondent testified in this proceeding that she became concerned with her failure to arraign Leone when she learned that arraignment records go to Albany. She then discussed her failure to arraign Leone with her Administrative Judge who informed her of the impropriety of her actions. Apparently, she did not believe that she had shown any undue favoritism until charges were brought against her.
Charge II alleged that the respondent added to her calendar a case concerning her son-in-law, John Bivona, who was accused of driving an uninspected vehicle. This case had been *1068 calendared before another Judge a month earlier. The respondent had called Assistant District Attorney Cardinale into her chambers prior to the Christmas party to discuss the case of Ms. Valleca who was represented by Mr. Bivona, the respondent’s son-in-law. As Assistant District Attorney Cardinale was about to leave, the respondent mentioned that Bivona also had a traffic violation against him and that he would plead guilty. Cardinale responded affirmatively and left, expecting that the plea would be taken before the other District Court Judge, to whom the case was assigned. However, respondent, after Cardinale had left, accepted the plea in chambers and granted an unconditional discharge.
Charge III alleged that the respondent added a motor vehicle case to her calendar and failed to disqualify herself although the defendant, Elizabeth Valleca, was represented by respondent’s son-in-law. The respondent dismissed a charge of speeding on the ground that the arresting officer had failed to appear (the officer was not notified of the advanced date) and granted an unconditional discharge on a second charge of driving without a license.
We find that the aforesaid acts of the respondent constitute misconduct and grounds for sanctions in that she improperly failed to disqualify herself in proceedings where her impartiality may be questioned, she permitted a court officer to influence a judicial determination, and she participated in a deceitful practice.
Rule 33.3 (c) (1) of the Administrative Board of the Judicial Conference (22 NYC RR 33.3 [c] [1]) requires a Judge to disqualify himself in a proceeding in which his impartiality might reasonably be questioned, including any matter in which
"(i) he has a personal bias concerning a party [Charges I and II]
"(iv) he or his spouse, or a person within the sixth degree of relationship to either of them, or the spouse of such a person:
"(a) is a party to the proceeding [Charge II] or
"(b) is acting as a lawyer in the proceeding [Charge III]”. The Referee found these charges substantiated but did not find any evidence to support the charge that the respondent *1069 had a financial interest in the controversies. (Rule 33.3 [c] [1] [iii].)
The Referee found that the general procedure of adding a case to the calendar for the purpose of taking a negotiated guilty plea is not per se improper. However, impropriety lies in the hearing of a case (without appropriate disclosure and consent) involving a friend (Charge I) or a person within the sixth degree (rule 33.3 [c] [1] [iv] [a]) or the third degree (Code of Judicial Conduct, Canon 3 C [1] [d]) of relationship to the Judge (Charges II and III). The rules and canons provide that the degree of relationship is calculated according to the civil law system. (Rule 33.3 [c] [3] [i]; Canon 3 C [3] [a].) Since Bivona was the husband of the respondent’s daughter, he was within the first degree of relationship. We also note that respondent has violated section 14 of the Judiciary Law which contains a similar prohibition. These matters should not have been heard by respondent.
The affirmative defense to Charge I that respondent vacated the dismissal after consulting with the Administrative Judge is without merit. Respondent’s expressed reason for consulting the Administrative Judge was her concern for the possible consequences of her failure to arraign Ms. Leone. She apparently was not troubled by the possibility that her judicial actions might be considered as favoritism. We note also that she did not tell the Administrative Judge about the other two matters in which she had acted at the same time.
The respondent interposed an affirmative defense of remittal of disqualification in regard to Charges II and III. The respondent maintains that she notified (albeit not on the record) the parties in the Bivona and Valleca cases of her relationship to her son-in-law prior to her disposition of the cases in which they were involved, and had continued in these matters with the consent of all parties. The Referee properly found that this affirmative defense was not established because the respondent had not followed the procedure expressly prescribed by rule 33.3 (d) and Canon 3 D, that the court disclose on the record the basis for disqualification; that the parties and lawyers independently all agree in writing that the court’s relationship is immaterial, and that the agreement, signed by all parties and lawyers, be incorporated into the record.
The respondent permitted her court officer to improperly *1070 influence her judgment. In her testimony concerning the Leone matter, the respondent testified that the court officer suggested that she aid her friend and offered advice concerning the method of dismissing the violation. Her failure to exercise independent judgment was improper (rule 33.2 [b]).
Respondent as a judicial officer engaged in a decéitful practice. In the Leone case, the reason assigned for dismissal was the failure of the arresting officer to appear. The officer’s appearance was impossible, as the respondent well knew, because of the judicial act of respondent in advancing the date of the hearing without iiiforining the officer.
In the Valleca case the respondent again engaged in a deceitful practice. Assistant District Attorney Cardinale and Mr. Bivona had agreed in chambers to take a plea on the driving without a license charge in satisfaction of both tickets and Cardinale left the chambers to check on the availability of the arresting officer. When Cardinale discovered that the officer was not available because the matter had just been added to the calendar, he requested an adjournment. Respondent denied the motion and then dismissed the speeding charge on the ground that the arresting officer failed to appear. Cardinale was not present at the formal plea as he had expected it to be taken by the other Judge. The Referee found that the process of entertaining the matter on an unscheduled date, refusing to grant an adjournment and dismissing the speeding ticket for failure of the officer to appear, all over the objection of the District Attorney, did constitute special consideration.
This conduct in conjunction with the fact that she concealed these matters by failing to arraign the defendant Leone and conducting the proceedings in chambers constituted deceitful practices in the conduct of judicial proceedings and amounts to gross misconduct. (Rule 33.3 [a] [1].)
These acts of misconduct are much more serious than those presented in the traffic cases which were before Courts on the Judiciary in Matter of Kuehnel (45 NY2d [y]). While two of the cases decided jointly in Kuehnel (Matter of Lahey and Matter of Thomson [45 NY2d (y), (dd)]), and the case of Matter of Lombardi, (49 NY2d [v], decided herewith) involved situations of close relationship between the court and the defendants, they did not present the aggravating instances of misconduct and deceit found here.
*1071 Respondent’s reliance upon Matter of Schmidt (31 AD2d 214) is unfounded. The court in Schmidt found that the Judge’s conduct of handling a case involving a relative was excusable because attempts to locate other Judges were unsuccessful and a distinct possibility existed of a continuing breach of the peace. (Schmidt, supra, at p 220.) In this case, the respondent was not faced with any degree of urgency and she willfully added cases to her calendar for the purpose of dismissing them on false grounds.
The respondent’s conduct indicates that she lacks the integrity and character required of a judicial officer. She should be removed, effective the date of the order to be entered on this determination.
Presiding Officer Birns and Judges Main, Moule, Simons and Sweeney concur.
Dated: March 18, 1980
Harold Birns (Signed) Harold Birns
Presiding Officer, Court on the Judiciary
Hyman W. Gamso (Signed) Clerk of the Court on the Judiciary